IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly O'Brien,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-25-00958-PHX-SPL<br><br>**ORDER** |

　　　　Plaintiff filed a Complaint (Doc. 1), challenging the denial of her Social Security Disability Insurance benefits under Title II of the Social Security Act. The Honorable Alison S. Bachus, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 15), recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision. Judge Bachus advised the parties that they had fourteen (14) days to file objections to the R&R and that failure to do so could be considered a waiver of the right to review (Doc. Doc. 15 at 19–20) (citing 28 U.S.C. § 636(b), *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). Plaintiff filed Objections (Doc. 16), and Defendant filed a Response (Doc. 17).

　　　　A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has carefully undertaken an extensive review of the sufficiently developed record. Plaintiff's objections to the findings and recommendations have also been considered.

After a thorough review, Judge Bachus concluded there was no reversible error in the ALJ's application of collateral estoppel (Doc. 15 at 7–10), analysis of self-employment earnings (Doc. 15 at 10–14), and assessment of her residual functional capacity (Doc. 15 at 14–19). After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by the magistrate judge. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED** that Magistrate Judge Bachus's Report and Recommendation (Doc. 15) is **accepted** and **adopted** by the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (Doc. 16) are **overruled**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of the Social Security Administration is **affirmed**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this case.

Dated this 13th day of February, 2026.

Honorable Steven P. Logan
United States District Judge